IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| v. | § | CIVIL ACTION NO. 6:10cv454 |
| DWAYNE DEWBERRY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff David Ali, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ali's lawsuit concerns his being required to work in a pig slaughterhouse, which he says is contrary to his religious faith because pigs are considered unclean in Islam. He asks for punitive damages as well as for an injunction removing him from that job assignment.

On October 8, 2010, Ali filed a motion for a temporary restraining order or preliminary injunction, asking the Court for an order removing him from that job assignment. On October 15, 2010, the Magistrate Judge issued a Report recommending that the request be denied. The Magistrate Judge observed that Ali is seeking the same relief in this request as he is seeking in his complaint, and that he cannot short-circuit the process of litigation by asking the Court to determine that his claims are true in the context of a motion for injunctive relief. The Magistrate Judge also stated that Ali has not shown that he has suffered any injury not compensable by monetary damages, and that he has not shown that his request for injunctive relief would serve the public's interest by allowing the federal court to enmesh itself in the minutiae of prison operations.

1

Ali filed objections to the Magistrate Judge's Report on November 1, 2010. In his objections, Ali says that he is suffering injury not compensable through monetary damages by being forced to "modify" his religious beliefs, he is not asking the Court to determine that his claims are true, that the public interest is best served when persons enjoy religious freedoms without unnecessary burdens being placed upon them, that he is not requesting that the Court get involved in the internal operation of a prison by ordering a job change for him, but is requesting that the Court uphold the Constitution and laws of the United States which the Defendants are violating, and that while there is no right to a particular job in prison, there are exceptional circumstances in this case because his religious beliefs prohibit him from handling pork.

Ali's objections are without merit. Although he says that he is not asking that the Court determine that his allegations are true, a grant of relief would require just such a finding. As the Magistrate Judge correctly stated, Ali cannot litigate the veracity of his claims through the vehicle of a motion for injunctive relief, although he may do so through the normal process of litigation. *See generally* Federal Savings & Loan Insurance Corp. v. Dixon, 835 F.2d 554, 558 (5th Cir.1987); Shanks v. City of Dallas, Texas, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be short-circuited by the simple vehicle of trying a case by way of a motion for injunctive relief.[1]

The Court has conducted a careful *de novo* review of the Plaintiff's motion for injunctive relief, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are OVERRULED and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

---

[1] In other words, a grant of injunctive relief for Ali could only be based upon a finding that he is being made to work in the slaughterhouse and that this is in fact contrary to his religious faith, which are the very issues that he presents to the Court in his lawsuit.

ORDERED that the Plaintiff's motion for injunctive relief (docket no. 16) is hereby DENIED. The denial of this motion is without prejudice to the Plaintiff's right to prosecute his claim for injunctive relief, as well as any other relief to which he may be entitled, through the normal processes of litigation.

**SIGNED this 9th day of November, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE